UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 06-14 (RJL)** |
| | : | |
| v. | : | |
| | : | |
| **ANTWAN SHELTON,** | : | |
| also known as Antione Shelton, | : | |
| also known as Kenneth Young, | : | |
| Defendant. | : | |
| _____ | : | |

### GOVERNMENT'S MOTION TO IMPEACH DEFENDANT WITH HIS PRIOR CONVICTIONS PURSUANT TO RULE 609

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of defendant's prior convictions for impeachment purposes should the defendant elect to testify at trial in the above-captioned case. In support of this motion, the government relies on the following points and authorities and such other points and authorities that may be adduced at a hearing on the matter:

1.  The defendant has been charged in a four-count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1); Possession of Cocaine, in violation of 21 U.S.C. § 844(a); Possession of Marijuana, in violation of 21 U.S.C. § 844(a); and Escape from an Officer, in violation of D.C. Code § 22-2601(a)(2). The defendant's prior convictions are as follows:

| OFFENSE | CASE NUMBER | JURISDICTION | SENTENCE | DATE |
|---|---|---|---|---|
| Violation of Drug Free Zone | F-5804-02 | D.C. Sup. Ct. | Confinement: 24 months; Suspended: 14 months; Probation: 2 years supervised; VVCCA: $100 | 8/31/04 |
| Carrying a Pistol Without a License Outside Home/Business | F-0502-04 | D.C. Sup. Ct. | Confinement: 28 months; Suspended: 28 months; Probation: 3 years supervised; VVCCA: $100 | 1/26/05 |

2.    Subject to the time constraints of Rule 609(b), evidence that an accused has been convicted of a crime punishable by imprisonment in excess of one year "shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1). Here, the defendant's convictions fall within the time constraints of Rule 609(b), and the probative value of each conviction outweighs its prejudicial effect. Accordingly, both convictions are admissible for impeachment purposes.

3.    Federal Rule of Evidence 609(b) provides that "evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from confinement imposed for that conviction, whichever is the later date . . . ." Fed. R. Evid. 609(b). The defendant's convictions occurred in 2004 and 2005. Therefore, both convictions qualify for admission under Rule 609(b).

4.    In evaluating whether the probative value of the conviction outweighs its prejudicial effect, the trial court should begin with the premise, articulated by the D.C. Circuit, sitting en banc, that all felony convictions which meet the ten-year time limit prescribed in Rule 609(b) are at least

somewhat probative of the defendant's credibility. United States v. Lipscomb, 702 F.2d 1049, 1062 (D.C. Cir. 1983) (en banc). Here, not only are the defendant's convictions within the ten-year parameters of Rule 609(b), but also they are particularly recent (2004 and 2005). Thus, the timing of the convictions weighs in favor of admission.

5. The Court of Appeals has stated that "[c]ourts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct testimony to the contrary." United States v. Lewis, 626 F.2d 940, 950 (D.C. Cir. 1980).

6. It has also recognized that the probative value of a prior conviction increases when the defendant's credibility will be centrally in issue as it relates to his defense. See United States v. Jackson, 627 F.2d 1198, 1210 (D.C. Cir. 1980). Should the defendant elect to testify in this case, his credibility will be centrally in issue as it relates to his defense because the jury will have to credit either his testimony or the testimony of the arresting officers. Accordingly, the defendant should not be permitted to appear before the jury as a person entitled to complete credence, when his criminal record–which is both serious and recent–stands to the contrary.

7. Any similarity between the defendant's past crimes and some of the current charges does not render this otherwise-relevant evidence inadmissible. In Lewis, the defendant was charged, among other things, with distribution of phenmetrazine; after taking the stand, he was impeached with evidence that he had been convicted several years before for distributing drugs in violation of the Controlled Substances Act. 626 F.2d at 943, 947. The court held that there was no error in admitting evidence of the defendant's prior conviction (which involved the distribution of heroin, id. at 944), noting that "[t]he fact that the prior felony conviction was for a narcotics offense, and the

defendant was again being tried for a similar offense, does not render the prior conviction inadmissible," and directing that in such circumstances a limiting instruction should be given to the jury. Id. at 950.[1] Moreover, one of the charges in this case is Escape from an Officer, which is entirely unlike the defendant's past crimes.

8. In addition, the court's instruction to the jury to refrain from using such evidence for an improper purpose will lessen whatever prejudice there may be to the defendant. See Lewis, 626 F.2d at 950 (directing that such instruction should be given).

9. Hence, inasmuch as every impeachment by prior conviction involves some inherent prejudice to a defendant, that prejudice by itself should not be enough to preclude the government's impeachment of the defendant in this case. Cf. Lipscomb, 702 F.2d at 1062 ("[w]hen the defendant is impeached by a prior conviction, the question of prejudice . . . is not if, but how much") (emphasis in original).

10. In conclusion, the defendant's convictions have probative value because they enable a fair assessment of the defendant's credibility. Their probative value is high because the convictions are recent, serious, and entirely dissimilar to one of the charged crimes, and because the defendant's credibility will be a central issue if he elects to testify. Whatever prejudice there may

---

[1] To be sure, the court in Lewis acknowledged that in a narcotics prosecution a prior narcotics conviction carries more prejudice, and it noted that in this case the evidence of the conviction carried more probative value where the defendant had testified that he was not knowledgeable about drug transactions. Id. at 951. Nonetheless, as the Court of Appeals noted en banc, this additional factor was not critical in determining that the probative value of the conviction outweighed its prejudice. While Lewis might at first be considered a "special" case because the prior conviction served not only to impeach credibility but also to rebut specific testimony, the Court in Lipscomb commented, "our analysis did not treat this [additional] reason as critical" in holding the conviction admissible under the balancing test. Lipscomb, 702 F.2d at 1058, n.35 (en banc).

be to the defendant will be slight, especially after an appropriate limiting instruction is given. Thus, the probative value of the convictions outweighs whatever prejudice there may be to the defendant, and therefore both convictions should be admitted for impeachment purposes.

WHEREFORE, for the reasons stated above, the United States respectfully requests that this Honorable Court grant the government's motion to impeach the defendant's credibility with his prior convictions should he testify at trial.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

_____
BRIAN P. ROGERS
Special Assistant United States Attorney
Maryland Bar
Federal Major Crimes Section
555 4th Street, NW, Room 4712
Washington, DC 20530
(202) 616-1478

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, Carlos Venegas, this 9th day of February, 2006.

_____
Brian Rogers
Special Assistant United States Attorney