```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 06-14 (RJL) |
| v. | : | |
| ANTWAN SHELTON | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States provides this memorandum in support of its position on the sentence to be imposed upon defendant Antwan Shelton. The government asks the Court to adopt the Presentence Investigation Report ("PSR") and sentence the defendant to 38 months incarceration for gun possession and a consecutive 10 months for escape, for a total sentence of 48 months.

## I. Introduction

On May 2, 2006, defendant Shelton pleaded guilty to Counts I and IV of the Indictment, under the terms of a plea agreement with the United States. The defendant stands convicted of Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year (Count I), in violation of Title 18, United States Code, Section 922(g)(1), and Escape from an Officer (Count IV), in violation of Title 22, District of Columbia Code, Section 2601 (a)(2).

The PSR recommends a sentence within a range of 37 to 46 months for the federal offense <u>and</u> a sentence of 5 to 20 months for the D.C. offense.

-2-

## II.  The Offense Conduct

Defendant Shelton's criminal behavior dates back to the night of December 13, 2005, when he was observed by patrol officers among a group of men congregated outside of an apartment complex in the 5000 block of D Street, S.E., in Washington, D.C. The group quickly dispersed and for his part, the defendant ran into a nearby apartment building, pursued by a patrol officer who eventually ordered defendant Shelton to get down on the floor. The defendant did not comply; instead, he quickly threw a small plastic bag of what appeared to the officer to be cocaine, and continued to run.  Shortly thereafter, still within the apartment building, defendant Shelton was stopped by two other officers.

Upon arrest, the defendant admitted that he had in his possession a loaded Ruger 9mm pistol and a package of marijuana. He was arrested and taken to the police station, but when he got there, he deflected attention by offering to provide information about homicides.  At the same time, he asked the police to turn off their recording devices, and when the detective stepped outside momentarily to comply with the request, the defendant slipped out of his handcuffs and ran from the police station.

The detectives attempted to chase the defendant, but were unable to prevent his escape.  About 45 minutes later, after an extensive search involving a canine unit and a helicopter, defendant Shelton was apprehended -- again.

-3-

### III.  The U.S. Sentencing Guidelines ("USSG")

Because it is incumbent upon the Court to examine the range of sentence suggested by the United States Sentencing Commission, and because the government believes, for the reasons set forth below, that the Guidelines range is clearly reasonable in this case, the government provides the following analysis:

   A.  The Adjusted offense level:  The government agrees with the defendant and the PSR that the total offense level in this case is **17,** as set forth below.

   Count I is governed by USSG §2K2.1, entitled "Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition," which in this case, sets the base offense level at 20 (§2K2.1(a)(4)(A)) because the defendant "committed . . . the instant offense subsequent to sustaining one felony conviction of . . . a controlled substance offense."

   The government has agreed that the defendant's guilty plea and compliance with the plea agreement entitles him to a three-level reduction for acceptance of responsibility, under USSG §3E1.1; therefore the total adjusted offense level is **17.**

   The government agrees with the Presentence Report that the defendant's Criminal History Category is IV, which (at level 17) suggests that the appropriate range of sentence is **37-46 months.**

   B.  The D.C. Sentencing Guidelines:  Under the sentencing

-4-

guidelines used in the D.C. Superior Court, escape is a "Group 9" offense, and defendant's criminal history score is **3** (Group C). The recommended range of sentencing, therefore, is **5-20 months.**

It is the government's view that this sentence should be consecutive to the gun possession. The defendant ran from the police *twice*. While the first flight might seem ordinary in the course of an arrest, the second flight clearly deserves separate punishment. The defendant was in custody, within the confines of a police station, and he devised a plan, quite separate and apart from the underlying offense, to break the law again. For this, he deserves additional punishment. Simply put, the escape conduct must be taken into account. It is the government's view that no additional sentence would encourage defendants to formulate and implement escape plans, since such conduct would come without consequence. We believe, therefore, that the sentence for the D.C. offense of escape must be consecutive.

### IV.   Sentencing factors under 18 U.S.C. §3553

The Court has explicitly requested that the parties provide a sentencing recommendation that takes into account the factors set forth in 18 U.S.C. §3553(a), as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed --
>
> > (A) to reflect the seriousness of the offense, to

-5-

>     promote respect for the law, and to provide just
>     punishment for the offense;
>
>     (B) to afford adequate deterrence to criminal
>     conduct;
>
>     (C) to protect the public from further crimes of
>     the defendant; and
>
>     (D) to provide the defendant with needed
>     educational or vocational training, medical care,
>     or other correctional treatment in the most
>     effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing
> range established for --
>
>     (A) the applicable category of offense committed
>     by the applicable category of defendant as set
>     forth in the guidelines --
>
>         (i) issued by the Sentencing Commission
>         pursuant to section 994(a)(1) of title 28,
>         United States Code, subject to any amendments
>         made to such guidelines by act of Congress
>         ...; and
>
>         (ii) that, except as provided in section
>         3742(g), are in effect on the date the
>         defendant is sentenced; . . .
>
> (5) any pertinent policy statement --
>
>     (A) issued by the Sentencing Commission pursuant
>     to section 994(a)(2) of title 28, United States
>     Code, subject to any amendments made to such
>     policy statement by act of Congress ... and
>
>     (B) that, except as provided in section 3742(g),
>     is in effect on the date the defendant is
>     sentenced.
>
> (6) the need to avoid unwarranted sentence
> disparities among defendants with similar
> records who have been found guilty of similar
> conduct; and

-6-

> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a).  It is clear from the explicit language of the statute that the framers both endorse and respect the ranges set by and the policy statements made by the United States Sentencing Commission, itself a panel made up primarily of District Court Judges.

It is also apparent that the statute that the Court has singled out for the parties' analysis -- §3553(a) -- is the lynchpin of the Guidelines drafted by the Commission, which set forth in its preamble its reliance on the statute and calls out each and every factor set forth therein.  We note most particularly the factor set forth in §3553(a)(6), "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," which is the heart of the Guidelines and the spirit that caused their creation.  *See* 18 U.S.C. §3553(a)(6).

We note these cross-references in support of our position that the Guidelines represent a careful and eminently reasonable crafting of facts, circumstances, characteristics, and policies -- all explicitly consistent with §3553(a) -- toward the sentencing recommendation the Court ultimately seeks.

A sentence of approximately four years, as set forth in the guidelines is appropriate to the "nature and circumstances of the offense and the history and characteristics of the defendant"

Case 1:06-cr-00014-RJL   Document 10   Filed 09/26/2006   Page 7 of 9

-7-

(*see* §3553(a)(1)), which in this case are intertwines.  The nature of this offense (possession of a gun and drugs) is exacerbated the fact that this defendant is a convicted felon, having been at least twice before convicted of drug and gun possession, and having been at least twice before sentenced to prison.  The last time the defendant was convicted of a serious drug charge, he was sentenced to 24 months (with more than half of that time suspended).  He should be sentenced to at least twice that time for his persistent, incorrigible defiance of the law.  This is particularly true where, as here, the conduct is exacerbated by the defendant's escape from custody.

As such, a sentence twice that of that imposed after the defendant's last conviction would "reflect the seriousness of the offense ... promote respect for the law, and ... provide just punishment for the offense" (*see* §3553(a)(2)(A)).  A sentence of four years is long, but with a defendant as persistent as this defendant, a long sentence will either "afford adequate deterrence to [future] criminal conduct" (*see* §3553(a)(2)(B)) or will, at the very least, isolate and incapacitate the defendant so as "to protect the public from further crimes of the defendant" (*see* §3553(a)(2)(C)).

Clearly, although alternatives exist, incarceration is the only "kind[] of sentence[] available" (*see* §3553(a)(3)) in this case, where the defendant has been to jail, has been on

-8-

probation, has been on supervised release, and yet persists in the identical law-breaking the law.  It is the government's view that the only matter at issue is the length of the term of incarceration.

The pertinent portions of §3553(a) that remain, all direct the Court to the Sentencing Guidelines, its policy statements, and its fundamental emphasis on uniformity of sentencing.  These factors all suggest that a four-year sentence, consistent with similar crimes and the defendants committing them, is appropriate.  Moreover, the defendant can articulate no compelling fact or circumstance which justifies a sentence lower than similarly situated offenders.

## V.   Recommendation

Defendant Shelton has a history of gun and drug possession. Instead of serving past sentences and making a conscientious effort to change his behavior, defendant Shelton persists in the same conduct, thus displaying an utter lack of respect for the law, the court, and the safety of his community.

In this incident, defendant Shelton further demonstrated his contemptuous behavior by running from the police both before and after he was apprehended on these charges, ultimately escaping from the authorities and causing them to have to re-arrest him.

Defendant Shelton's habitual defiance of the law demonstrate his utter inability to maintain a safe and law-abiding lifestyle.

-9-

It is the government's view that a term of incarceration of 48 months (a term that represents twice that of his previous sentence) has at least the potential to prevent the commission of further crimes and promote community safety. The government strongly recommends that this court sentence defendant Shelton to a 38-month sentence on the federal charge (within the range set by the U.S. Sentencing Guidelines) and a 10-month sentence for escape (within range set by D.C. sentencing guidelines), for a total sentence of 48 months.

                        Respectfully Submitted,

                        KENNETH L. WAINSTEIN
                        UNITED STATES ATTORNEY
                        D.C. Bar Number 451058

By:        /s/

BARBARA E. KITTAY
D.C. Bar #414216
Assistant U.S. Attorney
555 4th Street, N.W., Room 4846
Washington, D.C.  20530
(202) 514-6940, 353-9458
Barbara.Kittay@usdoj.gov