UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Crim. No. 06-14  (RJL) |
| v. ) | |
| ANTWAN SHELTON ) | |

**DEFENDANT'S MEMORANDUM  IN AID OF SENTENCING**

Defendant, Antwan Shelton, through undersigned counsel, respectfully submits his Memorandum in Aid of Sentencing.  For the reasons stated below undersigned counsel requests that the Court sentence Mr. Shelton to a concurrent sentence of thirty-seven (37) months for the two counts of conviction.

**Procedural History and Sentencing Guideline Calculation**

Mr. Shelton is before the Court pending sentencing after he entered a guilty plea on June 20, 2006. Mr. Shelton pled guilty to count one and count four of the four count indictment which charged him with possession of a firearm in violation of 18 U.S.C. § 922(g) (count 1) and escape from a police officer in violation of D.C. Code § 2601(a)(b) (count 4).  Mr. Shelton committed the offenses on December 13, 2005.  Pursuant to count one Mr. Shelton faces a maximum sentence of ten years of  incarceration, followed by a term of supervised release of not more than three years, a fine of $250,000.00, and a $100.00 special assessment.  For violating D.C. Code § 2601(a)(b) Mr. Shelton faces a maximum term of incarceration of five years and a maximum fine of $5,000.00 dollars.

1

According to Probation Officer Linsey Epson Mr. Shelton's sentencing guideline range for violating 18 U.S.C. § 922(g)(1) is 37 to 46 months of incarceration. For the escape charge Mr. Shelton's sentencing range is 5 to 20 months of incarceration pursuant to the voluntary sentencing guidelines of the Superior Court for the District of Columbia.

## ARGUMENT IN SUPPORT FOR A SENTENCE OF 37 MONTHS AND A RECOMMENDATION FOR THE 500 HOUR SUBSTANCE ABUSE PROGRAM

Mr. Shelton is before the Court after having committed two very serious offenses, one right after the other and practically minutes apart. The weapon that he admitted carrying was extremely dangerous and its use could have resulted in severe injuries to others and to himself. Mr. Shelton compounded his poor judgement by leaving the District Police Station, while under formal arrest, and in the middle of an interview. Clearly, Mr. Shelton has demonstrated that he needs to make significant changes in his life and to commit himself to becoming a mature and law abiding citizen.

Having been incarcerated for more than nine months, Mr. Shelton, has had enough time to reflect and take stock of the direction of his life. Perhaps, his most acute and urgent observation is that at the young age of twenty-three Mr. Shelton has spent the better part of his adult years in prison or under some form of criminal supervision. The result of the instant convictions could mean that Mr. Shelton may be incarcerated and/or under criminal supervision until he reaches his thirtieth birthday. Clearly that is not the future that Mr. Shelton wants or anticipated but it's the future that he has brought upon himself. Fortunately, Mr. Shelton has made a commitment to take advantage of the educational and vocational opportunities available in the Bureau of Prison.

Although Mr. Shelton's parents were by no means active or even present role models, he was lovingly raised and nurtured by his grandmother and aunt. In fact, Mr. Shelton informed Probation Officer Epson that he was actually "too spoiled" by his grandmother and aunt. It is Mr. Shelton's childhood of nurtured love and of having been spoiled, that makes him different from other young men who had similar absentee parental figures. In other words, the nurtured upbringing has allowed Mr. Shelton to remain positive and optimistic about his life. On account of his optimism Mr. Shelton has acknowledged his mistakes without resorting to blaming his parents, his community or anyone in particular.

Mr. Shelton candidly admits that the area where he is from, and the only area that he knows and where he can live frightens him. But because he has nowhere else to go, the only area where he has lived will always be the only place that he will feel welcomed, notwithstanding the dangers that he felt on a daily basis. It is that fear that motivated him to carry a gun. He now knows from experience that guns never secured his safety. On the contrary guns have ensured his continued involvement with the criminal justice system and with prolonged periods of incarceration. Mr. Shelton knows that unless he takes drastic steps to alter his life, he will be following the sad and tragic path of his parents.

To be incarcerated, again, has been a very sobering experience for Mr. Shelton. Incarceration is not the life that he wants and he knows that he can and has to do better for himself. It has been a painful acknowledgment that his mother was a victim of a homicide and that his father was frequently incarcerated and unable to raise or support him in any meaningful way.

While his present situation is bleak, Mr. Shelton has managed to remain hopeful about his

future.  Since he was first charged and arraigned in Federal Court, Mr. Shelton, made the decision to acknowledge his guilt to the government and Court.  As a result the government did not have to expend resources either in filing or preparing for pretrial motions and hearings.  Likewise the Court was spared from exhausting its time and resources in a trial or merit less pre-trial litigation.  Mr. Shelton's decision to expeditiously resolve his case shows that he can make reasoned and mature decisions.  Moreover, Mr. Shelton displayed a solid understanding of the guidelines and how his criminal history was determined.  Thus, Mr. Shelton does have the educational skills and ability to learn a trade in the Bureau of Prison.  In short, it will be up to Mr. Shelton to follow through on his desire to lead a law abiding life and to obtain gainful employment when he is release from custody.

### APPLICATION OF 18 U.S.C. § 3553(a)(1) AND THE FEDERAL SENTENCING GUIDELINES

Pursuant to <u>United States v. Booker</u>, 125 S. Ct. 738 (2005) a Sentencing Court has to take into account the statutory sentencing directives of 18 U.S.C. §3553(a).  Sentencing Courts have a continuing duty to determine a defendant's criminal history and sentencing guideline.  However, the guideline calculation is one factor among others that have to be considered in conjunction with and in consultation with other enumerated factors of 18 U.S.C. § 3553(a).

Those factors  include, among others, the nature of the offense, the defendant's history, the need for the sentence to promote adequate deterrence and to provide the defendant with the needed educational or vocational training, and pertinent policy statements issued by the sentencing commission, the need to avoid unwarranted sentencing disparities among similarly situated defendants. <u>U.S. v. Clifton Price</u> 409 F.3d 436, 442 (D.C. Cir. 2005) Moreover,

Sentencing Courts, have a continuing duty to "weigh the purposes of sentencing listed in the Sentencing Reform Act, including the need for the sentence to "reflect the seriousness of the offense", deter future criminality, protect the public, and provide the defendant with needed training, medical care or other correctional treatment." U.S. v. Jabber 362 F.Supp.2d 365, 369 (D. Mass. 2005).

18 U.S.C. § 3553(a)(1) directs the Court to look at Mr. Shelton's history and nature and circumstance of the offense. The nature of the offense, 18 U.S.C.§ 922 (g)(1) is a case of the illegal possession of a firearm. It is undisputed that the illegal possession of firearms continues to plague the citizens of the District of Columbia. Tragically, young adults and children in low income communities appear to be receiving the brunt of the use of illegal firearms. Fortunately, Mr. Shelton has never shown any assaultive behavior toward others and certainly he was not brandishing the gun when he was approached and arrested by the police on December 13, 2005. The escape conviction is also serious and shows poor judgement and the desire to avoid criminal responsibility.

The overwhelming characteristic and history of Mr. Shelton are of a young man barely out of his teenage years who has made terrible decisions. However, the fact that he is loved and supported by his grandmother and aunt can play a significant and productive role in his future. By all indications Mr. Shelton has always been a very respectful and obedient grandson and nephew who has exhibited positive family oriented values.

Pursuant to 18 U.S.C.§ 3553(a)(1)(2)(A) Mr. Shelton's sentence must reflect the seriousness of the offense. There is no question that Mr. Shelton violated the law and that the Court has to address his conduct. As it stands now Mr. Shelton is facing a combined maximum

term of incarceration of fifteen years of incarceration. The seriousness of the offense has to take into account and result in a sentence that "promotes[ respect for the Law and provides] just punishment." A concurrent sentence of 37 months will inculcate Mr. Shelton with respect and appreciation for lawful conduct.

18 U.S.C. § 3553(a)(2)(D) directs the Court to consider Mr. Shelton's sentence in light of the educational or vocational training that will support his rehabilitation and education. Mr. Shelton stands to benefit significantly from the opportunities that will be available in the Bureau of Prison. In discussing his case and reviewing the plea and the application of the sentencing guidelines Mr. Shelton has demonstrated an aptitude for reading comprehension and complex reasoning. Accordingly, Mr. Shelton does have the ability to participate and succeed in any available educational programs.

On account of a history of frequent substance abuse Mr. Shelton should benefit from participation in the 500-hour substance abuse program. Although, Mr. Shelton has shown no signs that he has a substantial addiction, the substance abuse program should provide him with greater insight into the terrible consequences that drug use and drug dealing has on individuals and on the larger community.

**CONCLUSION**

A sentence of 37 months of incarceration serves the various goals of sentencing. Thirty-seven months of incarceration is substantial and adequately punitive. Mr. Shelton's removal from the community and his family will have the effect of deterring future criminal behavior and instill in Mr. Shelton a respect for the law. While he is incarcerated, Mr. Shelton can address his frequent use of illegal substances and participate in the educational and vocational programs

available in prison.

Based on these reasons undersigned requests that the Court to sentence Mr. Shelton pursuant to a Base Offense Level of 17 and Criminal History Category IV, which yields a sentencing range of 37-46 months of incarceration. Undersigned requests that Mr. Shelton be sentenced to the low end of 37 months for possessing the firearm. Undersigned further requests that the Court impose a sentence of five months for the escape charge to run concurrently to the 37 months for gun charge. Alternatively, if the Court agrees with the government that Mr. Shelton should be punished separately and consecutively for the two convictions, undersigned requests that the Court sentence Mr. Shelton to five months of incarceration for the escape charge to run consecutively to the low end of 37 months for gun charge for a final sentence of 42 month.

Respectfully submitted,

A.J. Kramer
Federal Public Defender


_____/s_____
Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500